IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| SHELDON DUNCOMBE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 320-028 |
| | ) | |
| WARDEN STACEY N. STONE, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is currently before the Court on Respondent's motion to dismiss the petition as moot. (Doc. no. 5.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED,** this petition be **DISMISSED** as **MOOT**, and this civil action be **CLOSED**.

**I.     DISCUSSION**

Petitioner was arrested on April 16, 2014, for conspiracy to import marijuana and attempted illegal re-entry. (Doc. no. 1, p. 6; doc. no. 5, p. 2.) On September 11, 2014, Petitioner was sentenced to thirty-three months of imprisonment for violating the terms of his supervised release based on the facts underlying a conviction in the Southern District of Florida. (Doc. no. 5, p. 2.) On December 18, 2014, Petitioner was sentenced to sixty months of imprisonment for conspiracy to import marijuana and attempted illegal re-entry. (Id.) Petitioner filed an administrative remedy appeal with the "Central Office of The Department

of Justice" for prior jail credit of 247 days during the period of April 16, 2014 to December 18, 2014. (Doc. no. 1, p. 6.) The Bureau of Prisons notified Petitioner he received jail credit of 149 days during the period of April 16, 2014 to September 11, 2014. (Doc. no. 5-1, pp. 5-6.) Petitioner asserts his sentence does not reflect his jail credit has been applied and his release date has not changed. (Doc. no. 1, p. 6.)

Petitioner filed this § 2241 petition on April 3, 2020. (Id.) On June 15, 2020, Petitioner was granted compassionate release, rendering the petition moot. (Doc. no. 5; doc. no. 5-1, p. 24.) The jurisdiction of federal courts is limited by Article III of the Constitution to "Cases" or "Controversies." Soliman v. United States, 296 F.3d 1237, 1242 (11th Cir. 2002). "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Barrera v. United States Attorney Gen., 557 F. App'x 877, 881 (11th Cir. 2014); Soliman, 296 F.3d at 1242. If events occurring after the filing of a petition deprive the Court of the ability to provide meaningful relief, then the case is moot and must be dismissed. Mobley v. Palm Beach Cnty. Sheriff Dept., 783 F.3d 1347, 1352 (11th Cir. 2015) (citing Soliman, 296 F.3d at 1242); see also Spencer v. Kemna, 523 U.S. 1, 7 (1998) ("[T]hroughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'") (citation omitted). Because mootness is jurisdictional, dismissal is required if no case or controversy remains. Id. Because no case or controversy remains for which the Court can grant meaningful relief, this proceeding must be dismissed.

## II.     CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED,** this petition be **DISMISSED** as **MOOT**,

and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of July, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA